IN THE UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF FLORIDA – TALLAHASSEE DIVISION

NANCY CAROLA
JACOBSON, et al.,

                    Plaintiffs,              Civil Action No. 18-cv-262 RH/CAS


KENNETH DETZNER, in his official
capacity as Florida Secretary of State

                    Defendant.

_____

## MOTION TO INTERVENE BY REPUBLICAN PARTY ORGANIZATIONS

Proposed Intervenors National Republican Senatorial Committee ("NRSC"), and the Republican Governors Association ("RGA") are Republican Party Organizations representing candidates throughout the state of Florida (collectively, "Party Intervenors" or "Applicants"), by and through their undersigned counsel, respectfully request, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene as defendants in the above-captioned proceeding for the purpose of participating in the disposition of the proceeding. In support of this Motion, Applicants submit the accompanying Brief in Support. In accordance with Local Rule 7.1(B), counsel for proposed intervenors has conferred with counsel for the Defendant and for the Plaintiffs.  Counsel for Defendant has no objection to this Motion, Counsel for the Plaintiffs have indicated they object to this Motion.

Additionally, Applicants submit the attached proposed pleadings in response to the Complaint filed in this matter in the form of a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) with Brief in Support attached hereto as Attachment A. *See e.g. Piambino v. Bailey,* 757 F.2d 1112, 1121 (11th Cir. 1985).

WHEREFORE, Applicants respectfully request that the Court grant their Motion to Intervene and permit the Applicants to intervene as Defendants in this proceeding.

## ORAL ARGUMENT REQUESTED

Due to the importance of this matter to the people of the State of Florida, as well as to the Parties, Applicants herby request oral argument on their motion to intervene with 10 minutes of argument per party or any such amount of time the Court, in its sound discretion, feels is appropriate.

Respectfully Submitted,

DATED: June 21, 2018

**Holtzman Vogel Josefiak Torchinsky PLLC**

*/s/Jason Torchinsky*
Jason Torchinsky (VA 47481)
Shawn Sheehy*
Phillip M. Gordon*
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law

SSheehy@hvjt.law
PGordon@hvjt.law
*Pro hac vice applications forthcoming
Counsel to Proposed Intervenors

IN THE UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF FLORIDA – TALLAHASSEE DIVISION

NANCY CAROLA
JACOBSON, et al.,

                    Plaintiffs,              Civil Action No. 18-cv-262 RH/CAS


KENNETH DETZNER, in his official
capacity as Florida Secretary of State

                    Defendant.
_____   ____

**BRIEF IN SUPPORT OF MOTION TO INTERVENE BY REPUBLICAN
PARTY ORGANIZATIONS**

Proposed Intervenors National Republican Senatorial Committee ("NRSC"),

and the Republican Governors Association ("RGA"), both national Republican

Organizations (collectively, "Party Intervenors" or "Applicants"), submit the Brief

herein in Support of their Motion to Intervene as Defendants in this action pursuant

to Federal Rule of Civil Procedure 24(a), or, in the alternative, 24(b).

## I. **INTRODUCTION**

On May 24, 2018, Nancy Carola Jacobson, Terence Fleming, Susan

Bottcher, Priorities USA, the Democratic National Committee ("DNC"),

Democratic Senatorial Campaign Committee ("DSCC"), Democratic

Congressional Campaign Committee ("DCCC"), Democratic Governors

Association ("DGA"), and the Democratic Legislative Campaign Committee

("DLCC") (collectively, "Plaintiffs") filed a Complaint (ECF No. 1) seeking declaratory and injunctive relief based on the claim that the current Florida statute ordering of names on Florida ballots by the party who last won the Florida Governor's race ("Ballot Order Statute") constitutes a violation of Plaintiffs' First and Fourteenth Amendment rights under the United States Constitution. Plaintiffs bring claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs contend that the Ballot Order Statute, Fla. Stat. § 101.151(3)(a), irreparably injures Plaintiffs' right to vote and enacts desperate treatment in violation of the Plaintiffs' due process rights. Plaintiffs' seek a declaratory judgment and injunctive relieve before the upcoming November 6, 2018 elections.

Applicants National Republican Senatorial Committee ("NRSC"), and the Republican Governors Association ("RGA") file their Motion seeking leave of Court to intervene in this matter based on established Supreme Court and Eleventh Circuit Court of Appeals precedent. Applicants have significant interests in this litigation, which are not currently represented by the named parties. Applicants are various national Republican organizations who support Republican candidates nationwide, including in Florida. These candidates and the Committees themselves stand to be harmed by any change to the Florida Ballot Order Statute, especially this close to an election. Accordingly, Applicants have a substantial interest in this

litigation and the redrawing of the current congressional districting plan should the Court ultimately so order. Moreover, Applicants' interests cannot be adequately and fairly represented by any other existing party to this action. Permitting Applicants to intervene will promote and ensure the presentation of complete and proper evidence and legal arguments and lend finality to the Court's adjudication on the merits.

The RGA is dedicated to electing and supporting Republican governors. The current Governor of Florida is a term-limited Republican and a Republican candidate is on the ballot in November. The NRSC is the only organization dedicated solely to electing Republicans to the United States Senate. The NRSC conducts fundraising and assists candidates with communication, strategy, and planning. There will be a Republican on the general election ballot for one of Florida's two U.S. Senate seats, for the Office of Governor, and for all three of the other statewide elected offices.  Twenty of the forty Florida Senate seats are up for election in November and there is a Republican running for election in fifteen of those twenty seats. All 120 seats in the Florida House of Representatives are up for election and there is a Republican running in all but 23 of those 120 districts.

For these reasons, and as more fully discussed *infra*, Applicants request leave of the Court to intervene as Defendants in this matter to protect their interests in any potential outcome of this litigation.

## II.  <u>ARGUMENT</u>

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as of right is appropriate when, upon a timely motion, a party:

> Claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). If the Court finds that the elements of intervention of right are not satisfied it may nevertheless allow for permissive intervention. *See* Fed. R. Civ. P. 24(b).

Organizations are routinely allowed to intervene in voting rights cases. *See, e.g., Clark v. Putnam County*, 168 F.3d 458, 462 (11th Cir. 1999) (order vacating denial of intervention for NAACP with instructions to address their particularized interest), Order Granting Intervention of NAACP *Clark v. Putnam County*, No. 5:97-cv-622 (M.D. Ga 1999) (ECF No. 81); *Texas v. Holder*, 63 F. Supp. 3d 54, 59 n.4 (D.D.C. 2014) (allowing intervention of various voting rights organizations and legislative caucuses). If there is "[a]ny doubt concerning the propriety of allowing intervention" it "should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1478 (11th Cir. 1993) (quoting *Federal*

*Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993)).

## 1.  APPLICANTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

The Eleventh Circuit has provided the following four criteria to be considered on an application to intervene under Rule 24(a)(2):

(1) The application is timely;

(2) The party has an interest in the subject of the action;

(3) The interest, as a practical matter, my be impaired or impeded by disposition of the action; and

(4) The interest is inadequately represented by the existing parties.

*Chiles v. Thornburgh*, 856 F.2d 1197, 1213 (11th Cir. 1989). For the reasons discussed *infra*, the Applicants meet each of the four criteria and therefore must be permitted to intervene in this matter. *See Id*.

### A. Applicants' Motion to Intervene Is Timely.

It cannot be reasonably disputed that Applicants' Motion to Intervene is untimely.  Timeliness should be viewed with flexibility in the interest of justice. *Brown v. Bush*, 194 Fed. Appx. 879, 882 (11th Cir. 2006). The Court of Appeals for the Eleventh Circuit has outlined four factors that should be considered: (1) the length of time between when the applicants knew or should have reasonably known of their interest and moved to intervene; (2) the prejudice any delay may

have caused the parties; (3) the prejudice to the applicant should intervention be denied; and (4) the existence of "unusual circumstances" counseling for or against a determination of timeliness. *Id.* (citing *Chiles*, 865 F.2d at 1213). In this instance, Applicants clearly meet all four factors.

Here, the Compliant was filled on May 24, 2018, a mere 28 days ago. The Defendant recently filed a Motion to Dismiss and therefore no answer is due by Defendants until any hearing on those Motions. *See* ECF No. 21. Applicants' Motion to Dismiss is attached as Attachment A. There have been no hearings set or scheduling orders given.

Furthermore, Plaintiffs cannot possibly be prejudiced as they have likely known from the outset that Applicants would seek intervention. Plaintiffs seek to enjoin a method of arranging names on the ballot that has existed for nearly 70 years. Moreover, this lawsuit has the potential to throw the 2018 Florida general election into disarray. Applicants will have to spend significant sums of money to educate voters and their members, both citizens of the State of Florida and candidates thereof, on the new balloting scheme should one be ordered.

Plaintiffs and the current named Defendant will suffer no prejudice in the event the Court grants Applicants' Motion to Intervene at this very early stage of the proceeding. Granting intervention at this stage will cause no or very little delay or disruption to this litigation. Moreover, there exist no unusual circumstances that

would counsel against this being a timely Motion to Intervene. Therefore, Applicants Motion to Intervene is timely.

### B. Applicants Have a Sufficient Interest Which Will Be Impaired by the Disposition of This Case.

Applicants meet the second and third criteria found in *Chiles*, *supra*, in that they possess a sufficient interest in the subject of the litigation that will be impaired should intervention not be granted. An Applicants' "interest and the effect that the disposition of the lawsuit will have on their ability to protect that interest are closely related issues. The second cannot be answered without the first." *Chiles*, 865 F.2d at 1214 (internal quotations omitted). This matter concerns a Ballot Order Statute that has been in effect for over half a century. Now that the Democratic Party has not held the Florida Governor's office for over twenty years—holding the Governorship being the triggering mechanism for the statute—they seek relief from this Court on alleged First Amendment and Equal Protection violations. Applicants are two Republican Party organizations who represent candidates who have run statewide and represent voters in every county in Florida. As such, the Applicants will be significantly harmed for the following reasons: (1) Applicants' are governed by the statutory scheme in question; (2) any adverse ruling will inevitably lead to confusion for Applicants' voting members and candidate members heading into the fast approaching November general election; (3) any adverse ruling will have a negative impact on Applicants' Members

campaigns; and (4) the *stare decisis* effect of any adverse opinion will have a significant impact on not only the Applicants' interests in Florida but in the Eleventh Circuit as a whole, and perhaps even in other circuits.

In this Circuit, the Applicants' "must be at least real parties in interest in the transaction which is the subject of the proceeding." *Chiles*, 865 F.2d at 1213-14 (internal quotations and alterations omitted). However, the "inquiry is a flexible one, which focuses on the particular facts and circumstances surrounding each motion for intervention." *Id*. at 1214 (internal quotations and alterations omitted). Consequently, "[i]n cases challenging various statutory schemes as unconstitutional . . ., the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention." *Id.* at 1214 (internal quotations omitted). In this case, the Applicants' are "real parties in interest" precisely because it is their candidate members "who are governed" by the Ballot Order Statute "scheme." *See Id*. Any change to the current statute effectively eviscerates the way candidates have been ordered on ballots in Florida for over 50 years. This will force Applicants' member candidates to expend time and resources into educating their employees, volunteers, and voters of any new ballot ordering system and participating in any such new system should one be implemented.  Furthermore, Plaintiffs' seek to upend a statutory provision mere months before a statewide general election. *See, e.g.,* Compl. ¶¶ 55, 60.  (ECF. No.

1). Any wholesale re-creation of the way candidates are ordered on Ballots in Florida is sure to cause—potentially massive—voter confusion and confusion to the Republican party's candidates and voter members. Consequently, Applicants and Applicants' candidate members will have to spend significant time and resources in order to educate voters on any new ordering of candidates.

Finally, any *stare decisis* effect of an adverse ruling will negatively impact Applicants' ability to protect its interests. This Circuit has found that "the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right." *Chiles*, 865 F.2d at 1214. If not permitted to intervene, Applicants will be barred from having the ability to assert its rights and interests in this litigation, especially to the crafting of any remedy potentially ordered. Furthermore, a ruling here could have repercussions throughout the Eleventh Circuit, potentially impacting Applicants' members in those states. *Cf. Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (holding that the "persuasive effects" of one court's opinion on other courts can be significant and thus warrant intervention).  It simply cannot be doubted that the Applicants will be in a worse position vis-à-vis their rights if not permitted to intervene in this litigation. Therefore, Applicants have multiple significant interests which will be impaired should intervention not be granted.

### C. No Current Party Adequately Represents the Applicants' Interests.

The final criteria in the intervention as of right analysis is the inadequacy of the current parties representation. The relevant standard is not that the parties must be adverse in every respect rather that the other parties representation "may be" inadequate. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538, n.10 (1972). The Eleventh Circuit and the Supreme Court of the United States has emphasized that a movants burden in showing inadequacy is "minimal." *See Clark*, 168 F.3d at 461; *Trbovich,* 404 U.S. at 538, n.10.

Plaintiffs' are generally adverse to Applicants' interests politically and are specifically adverse to the current Ballot Order Statute that Applicants wish to defend. The existing Defendant does not adequately represent the same interests as Applicants. The Florida Secretary of State is not an elected position in Florida. Rather, the Secretary is appointed by the Governor and serves at his pleasure. In their official capacities, the Secretary of State and Governors' interests are in the faithful execution of the laws. Fla. Const. art. IV, § 1(a) ("The governor shall take care that the laws be faithfully executed . . . ."). Furthermore, the Governor is an elected official "and like all elected officials ha[s] an interest in 'remaining [a] politically popular and effective leader[].'" *Clark*, 168 F.3d at 462 (citing and quoting *Meek*, 985 F.2d at 1478)). The Secretary of State's interest is to prioritize the technical administration of elections whereas the Applicants have a specific

interest in maintaining the status quo of the lawfully enacted Ballot Order Statute. In addition, should a party other than the Republican Party prevail in the November general election, the political party of the Secretary and his or her position in this litigation could change.  This is relatively common in election related litigation when the political party heading the executive branch or running a state attorney general's office changes while litigation is ongoing. *See, e.g., Harris v. Ariz. Indep. Redistricting Comm'n*, 136 S. Ct. 1301 (2016) (elected officials of the same party switched sides during the pendency of litigation); *Brat v. Personhuballah*, 883 F.3d 475, 478 (4th Cir. 2018) (summarizing how the Commonwealth of Virginia refused to defend the lawsuit so that the responsibility was left to congressional intervenors); *North Carolina v. N.C. Conf. of the NAACP*, 137 S. Ct. 1399 (2017) (statement of Chief Justice Roberts respecting denial of cert. disclaiming any opinion on the merits) (noting the actions of the newly elected Governor and Attorney General moving to dismiss a case that was already before the Supreme Court on a petition for writ of certiorari). Additionally, Applicants' differ significantly in the authority raised and the strategy implemented by Defendant in its Motion to Dismiss. Defendant argued for dismissal based on the equitable ground of laches as well as under Rule 12(b)(6). *See* ECF No. 21. Applicants, however, do not argue laches in their Motion to Dismiss and will instead raise it as an affirmative defense in our Answer, if

necessary, and in opposition to a Motion for Preliminary Injunction if one is filed. Furthermore, Applicants argue the following, which differ in many respects from the arguments raised in Defendants' Motion to Dismiss: (1) Applicants have a reliance interest in the current ballot ordering scheme; and (2) Article 1, Section 4 of the U.S. Constitution vests the Florida State Legislature with the power to implement time, place, and manner restrictions on elections.  These differences further prove that the representation of Applicants' interests not only "may be" inadequate, *see Clark*, 168 F.3d at 461, but will *in fact* be inadequate.

Therefore, the Applicants interest are not, and certainly "may not," be adequately represented by the current named Defendant.

## 2. APPLICANTS, IN THE ALTERNATIVE, SHOULD BE PERMITTED TO PERMISSIVE INTERVENTION.

Alternatively, pursuant to Federal Rule of Civil Procedure 24(b), this Court should permit Applicants to intervene. Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is a discretionary power left to the judgment of the district court. *See Chiles,* 865 F.2d at 1213. In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).  Because this action was filled less than a month ago and no

significant actions have been taken by the parties or the Court, the requested intervention will not unduly delay or prejudice any party.

For the same reasons outlined above, Applicants have demonstrated their right to intervene in this matter. Applicants have filed their Motion early in the litigation, prior to any substantive action on the merits by the Court. Applicants also possess claims and defenses in line with the Ballot Order Statute, given that Applicants will be directly and irrevocably impacted by any change to the statute. Furthermore, disallowing Applicants to intervene could prejudice Applicants' interests and rights. This case asks this Court to rule on the validity of a Ballot Order Statute that has been in effect for over 50 years and during both Republican and Democratic Governors – doing so without the input of the parties who stand to be most directly harmed by a change in the current plan would be inefficient and unjust. The only way to protect the fairness of the litigation and lend credibility and finality to the Court's decision on the merits is to permit Applicants to intervene.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Applicants request this Court (1) grant leave to intervene as of right, or, in the alternative, permissively as defendants in this action; (2) deem the proposed Motion to Dismiss and the Memorandum in Support

to the Motion to Dismiss attached herein as filed; and (3) grant such other relief as

may be appropriate.

Respectfully submitted,

DATED: June 21, 2018

**Holtzman Vogel Josefiak Torchinsky PLLC**

*/s/Jason Torchinsky*
Jason Torchinsky (VA 47481)
Shawn Sheehy*
Phillip M. Gordon*
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law
SSheehy@hvjt.law
PGordon@hvjt.law
*Pro hac vice applications forthcoming*
*Counsel to Proposed Intervenors*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Applicants, Proposed Intervenors, certify that in accordance with Local Rule 7.1(B), Applicants sought and obtained concurrence of Defendant by electronic communication in their request to intervene in this matter. Prior to this Motion, Applicants, via electronic communication, explained the nature of the Motion to Plaintiffs. Plaintiffs object to this Motion.

**Holtzman Vogel Josefiak Torchinsky PLLC**

*/s/Jason Torchinsky*
Jason Torchinsky
VA Bar No. 47481
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law
*Counsel to Proposed Intervenors*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

The foregoing Motion and Memorandum in Support of the Motion complies

with Local Rule 7.1(F) because it contains 3,207 words, exclusive of the required

certificates, case style, and signature blocs.

**Holtzman Vogel Josefiak Torchinsky
PLLC**

*/s/Jason Torchinsky*
Jason Torchinsky
VA Bar No. 47481
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law
*Counsel to Proposed Intervenors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

**Holtzman Vogel Josefiak Torchinsky PLLC**

*/s/Jason Torchinsky*
Jason Torchinsky
VA Bar No. 47481
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law