UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NANCY CAROLA JACOBSON,
et al.,

    *Plaintiffs*,

v.                                      CASE NO. 4:18-CV-262-MW/CAS

KENNETH W. DETZNER, in his official
capacity as the Florida Secretary
of State,

    *Defendant.*
_____/

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR PRELIMINARY INJUNCTION**

This Court has considered, after hearing on July 24, 2018, Plaintiffs' motion for preliminary injunction. ECF No. 29. For the reasons stated on the record, the motion is **DENIED**.

A preliminary injunction is "an extraordinary and drastic remedy." *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983). Plaintiffs must "plainly establish" four elements: (1) a substantial likelihood of success on the merits, (2) that plaintiffs will suffer irreparable injury if the court does not issue a preliminary injunction, (3) that the threatened injury to plaintiffs outweigh any harm that might result to the defendant, *and* (4) that the public interest will not be disserved by grant of a preliminary injunction.

1

*Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

"[A] party requesting a preliminary injunction must generally show reasonable diligence." *Benisek v. Lamone*, 138 S.Ct. 1942, 1944 (2018). This requirement "is as true in election law cases as elsewhere." *Id*.

Here, Plaintiffs have not demonstrated irreparable harm. Plaintiffs argue that the Florida law requiring the party of the winner of the most recent gubernatorial race to appear as the first-place position on ballots, Fla. Stat. § 101.151(3)(a), (the "Ballot Order Statute") violates their First and Fourteenth Amendment rights. ECF No. 1, at 32 & 35. Plaintiffs point to "razor-thin" elections, including the 2010 and 2014 gubernatorial races, as indicative of the Ballot Order Statute's outcome-determinative nature. ECF No. 30, at 9. Putting aside the decades this law has been in effect, Plaintiffs are only first alleging constitutional violations in 2018—almost four years since the last gubernatorial race that shaped the ballot order. Multiple elections have been held in the intervening years. This length of time weighs against irreparable harm.

"Because the [Plaintiffs] did not carry the burden as to irreparable harm, and, thus, were not entitled to a preliminary injunction, it is unnecessary to address the other prerequisites to such relief." *Jefferson Cty.*, 720 F.2d at 1519. Therefore, this Court does not discuss whether the Plaintiffs have established

2

a likelihood of success on the merits, the balance of the equities, and the public interest.

    **SO ORDERED on July 24, 2018.**

                                      **s/Mark E. Walker             **
                                      **Chief United States District Judge**