# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**NANCY CAROLA JACOBSON, et al.,**

    *Plaintiffs*,

v.                        Case No. 4:18cv262-MW/CAS

**LAUREL M. LEE, in her official
capacity as the Florida Secretary
of State, et al.,**

    *Defendants.*

_____/

## ORDER ON MOTION FOR PROTECTIVE ORDER AND/OR IN THE ALTERNATIVE, TO QUASH SUBPOENAS

Plaintiffs filed a motion for protective order and/or, in the alternative, to quash third-party subpoenas. ECF No. 100. The motion was filed in response to belated discovery requests by Intervenors the National Republican Senate Committee and Republican Governors Association. *See id.* at 2. Specifically, "less than two weeks before the cutoff date set by [this] Court, Intervenors . . . served extensive documentary discovery requests on Plaintiffs' counsel and issued six separate third-party subpoenas duces tecum, all of which have return dates beyond the

1

applicable Court-scheduled discovery cutoff date of March 8, 2019." *Id.*

This Court plainly held that the discovery deadline was March 8, 2019. ECF No. 88, at 2. Although this Court extended the deadline to March 29, 2019, that extension was "for the sole purpose of taking depositions." ECF No. 98, at 1. As such, the relevant deadline for Intervenors' requests was March 8, 2019.

Contrary to Intervenors' understanding, the March 8 deadline is not a deadline for the *issuance* of discovery requests. *Cf.* ECF No. 100, at 2–3. This Court's own initial scheduling order confirms as much:

> The parties must begin discovery immediately. The parties are further directed to conduct discovery *so that the due date of any discovery requested shall not be later than* October 18, 2019. The conduct of any discovery which would require a later due date shall be permitted only on order of the Court. An extension of time will ordinarily be granted only for good cause and upon showing of diligence during the initial discovery period.

ECF No. 41, at 1 (emphasis added and omitted).

Given that the due dates of Intervenors' requests are later than March 8, 2019, Intervenors' requests are belated.

To be clear, this Court's discovery rulings are orders, not suggestions. Moreover, while in some venues it may be easier to

2

ask forgiveness than it is to get permission, that approach does not work in the federal judiciary. If Intervenors wanted later discovery, they should have moved for an extension. Now it's too late.

Accordingly,

**IT IS ORDERED:**

Plaintiffs' motion for a protective order, ECF No. 100, is **GRANTED in part** and **DENIED in part**. Neither Plaintiffs nor the third parties targeted by Intervenors' requests need to respond to the discovery requests and subpoenas at issue. Plaintiffs' request for expenses incurred in preparing their motion is **DENIED**. This Court will consider the issue of fees and costs at the conclusion of this case.

**SO ORDERED on March 8, 2019.**

        <u>s/Mark E. Walker</u>
        **Chief United States District Judge**