# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NANCY CAROLA JACOBSON,
TERENCE FLEMING, SUSAN
BOTTCHER, PRIORITIES USA, DNC
SERVICES CORPORATION /
DEMOCRATIC NATIONAL
COMMITTEE, DSCC a/k/a
DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE,
DEMOCRATIC GOVERNORS
ASSOCIATION, and DEMOCRATIC
LEGISLATIVE CAMPAIGN
COMMITTEE,

        Plaintiffs,

    v.

LAUREL M. LEE, in her official capacity
as the Florida Secretary of State,

        Defendant,

and

NATIONAL REPUBLICAN SENATE
COMMITTEE, and REPUBLICAN
GOVERNORS ASSOCIATION,

        Defendant-Intervenors.

No. 4:18-cv-00262-MW-CAS

## EMERGENCY MOTION OF PLAINTIFFS FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART MOTION TO EXTEND DEADLINES AND REMOVING TRIAL FROM DOCKET

## INTRODUCTION

Plaintiffs respectfully request that the Court reconsider its March 21, 2019 Order Granting In Part Motion To Extend Deadlines And Removing Trial From Docket ("Order"). ECF No. 106. While Plaintiffs, the Secretary, and Intervenors jointly requested a one-week extension of the deposition deadline to accommodate the Secretary's 30(b)(6) depositions, they also requested that the Court maintain the scheduled June 3, 2019 trial date. Plaintiffs' counsel and witnesses have arranged their schedules around that date, and rescheduling would present tremendous logistical challenges. Moreover, since Plaintiffs expect that the Secretary and/or Intervenors will raise timing as a concern in implementing a remedy for the constitutional violations alleged in this case, any delay would prejudice Plaintiffs' ability to obtain relief. Plaintiffs submit that they should not be penalized for their good-faith efforts to accommodate the Secretary's deposition requests, which were raised near the very end of the discovery period. Plaintiffs therefore ask the Court to maintain both the original deposition deadline and the trial date of June 3, 2019. In light of the imminent need to complete discovery and keep on track for a June 3 trial, Plaintiffs request relief on an emergency basis according to Local Rule 7.1(L), as relief is needed more promptly than would occur in the ordinary course of business.

**BACKGROUND**

On December 20, 2018, the parties submitted a case management report pursuant to Fed. R. C. P. 26(f). *See* ECF No. 87. The parties did not agree on the timing of the trial—plaintiffs proposed a trial date of May 27, 2019, while the Secretary and Intervenors proposed a trial date of June 14, 2019. *See id.* at 11-14. Plaintiffs requested an earlier trial date for three reasons, all of which remain applicable today. *First*, "Plaintiffs expect that Defendant and/or Intervenors will raise timing as a concern in implementing a remedy for the constitutional violations alleged in this case, such that the earliest reasonable trial date is preferable for remedial purposes." *Id.* at 11. *Second*, "counsel for Plaintiffs have other engagements that prevent their appearance on the June 14, 2019 trial date . . . , and a later trial date appears likely to fuel the aforementioned remedial concern that led Plaintiffs to propose the earlier May 27, 2019 trial date." *Id. Third*, "as this Court recognized at the preliminary injunction hearing, considering this case on a somewhat expedited schedule is appropriate," particularly given that Defendant and Intervenors have already indicated "that there is not sufficient time to impose a remedy prior even to 2020." *Id.*

On December 21, 2019, the Court issued a scheduling order setting June 3, 2019 as the trial date and "shorten[ing] some deadlines to accommodate an earlier trial date." ECF No. 88 at 1-2. The scheduling order set March 8, 2019 as the

discovery deadline. *Id.* at 2. The Court later extended that deadline to March 29, 2019 "for the sole purpose of taking depositions." ECF No. 98 at 1.

Plaintiffs diligently engaged in discovery, issuing interrogatories, requests for production, requests for admission, and subpoenas in December, January, and early February. Plaintiffs repeatedly reached out to counsel for the Secretary and Intervenors to schedule expert depositions. *See* Exs. 1-2.[1] Similarly, Plaintiffs supplemented their initial disclosures as early as February 8, 2019 to give notice of additional witnesses they may call at trial, and followed up on February 25, 2019 with a specific request for any additional witnesses the Secretary or Intervenors might call at trial, *see* Exs. 3-5—all in an effort to avoid last-minute scheduling issues.

By contrast, neither the Secretary nor Intervenors issued any document discovery requests until days before the March 8 deadline for document discovery, at which point the Intervenors issued untimely discovery requests and third-party subpoenas. The Court granted Plaintiffs' motion for a protective order with respect to those requests, finding them "belated." ECF No. 103 at 2.

On March 3, 2019, the Secretary reached out for the first time to inform Plaintiffs' counsel that she intended to notice 30(b)(6) depositions of Plaintiffs. Notably, this request came only after the Court granted the parties' joint motion to

---

[1] The parties have identified five testifying experts between them and exchanged a total of eight expert reports.

extend the deadline for taking depositions, ECF No. 98, and, but for that extension, would have allotted Plaintiffs' counsel just five days to identify, prepare, and defend depositions for six individuals from six different entities.

To aid in the process of identifying and scheduling appropriate corporate representatives, Plaintiffs requested a draft list of Rule 30(b)(6) topics, which the Secretary sent on March 4, 2019. *See* Ex. 6. In the midst of completing depositions previously scheduled, it was understandably difficult for Plaintiffs' counsel to (1) identify appropriate corporate representatives, (2) prepare the witnesses and review documents as necessary to respond to the Secretary's broad deposition topics,[2] and (3) schedule depositions for six deponents before the March 29 deadline. Indeed, four of Plaintiffs' corporate representatives (Priorities USA, DNC, DGA, and DLCC) were not finally noticed for deposition until March 19, 2019. *See* Ex. 7.

The Rule 30(b)(6) deposition of Priorities USA took place on March 21, and Plaintiffs' counsel expect that representatives from the DNC, the DGA, and the DLCC will soon confirm tentatively scheduled dates for the week of March 25. The depositions of the DSCC and DCCC have not yet been set but can (with no small difficulty) be completed by March 29, 2019.

---

[2] The Secretary and the Intervenors, for example, seek to question Plaintiffs' corporate representatives regarding "Plaintiffs' knowledge and understanding of Ballot Order Approaches as historically implemented in the United States and the advantages or disadvantages of same." Ex. 8, Deposition Topic 2.

On March 20, 2019, Plaintiffs, the Secretary, and Intervenors jointly moved to extend the deadline for depositions by one week to accommodate the Secretary's 30(b)(6) depositions, explaining that the parties were "having difficulty" meeting the March 29 deadline "in light of the schedules of the witnesses and counsel." ECF No. 105 at 1. The Secretary sought a one-week extension of the dispositive motion deadline and the pretrial conference as well, and Plaintiffs did not oppose her request, *id.* at 1-2, but Plaintiffs do not believe an extension of those dates is necessary. Importantly, the movants requested that the trial date remain the same.

On March 21, 2019, the Court issued its Order extending the deadline for depositions to April 5, 2019. *See* ECF No. 106 at 1. The Court also canceled the pretrial conference "along with the bench trial of June 3, 2019." *Id.* The Court explained that it would select a new trial date after it "[had] ruled on any pending dispositive motion." *Id.*

## ARGUMENT

### I.   THE COURT SHOULD RECONSIDER ITS ORDER CANCELING THE JUNE 3, 2019 TRIAL DATE

"[A] motion for reconsideration is appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Sanzone v. Hartford Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1250, 1255–56 (S.D. Fla. 2007), *on reconsideration* (Oct. 16, 2007); *see also Rosen v.*

*J.M. Auto Inc.*, 270 F.R.D. 675, 687-89 (S.D. Fla. 2009), *order vacated in part on reconsideration* (May 26, 2009). Here, Plaintiffs submit that the Court misunderstood the relief Plaintiffs were seeking in the joint motion because it lacked the benefit of an adversarial presentation. Plaintiffs were willing to join the Secretary and Intervenors in requesting a one-week extension of the deposition deadline to accommodate the Secretary's 30(b)(6) depositions, but they did not contemplate a delay of the trial date. Indeed, had that option been raised by any party, Plaintiffs would not have agreed to the extension request at all. Canceling the June 3, 2019 trial date is not necessary and would penalize Plaintiffs' for the Secretary's delay.

The parties are on track for a June 3rd trial. They have completed document discovery and will complete expert depositions this week. All that remains are the Secretary's 30(b)(6) depositions, which can be scheduled before the March 29 deadline if need be. Plaintiffs have been diligently working toward a June 3, 2019 trial date and can and will make every effort to abide by the pretrial schedule in order to preserve that date.

Moreover, any delay in the trial date would prejudice Plaintiffs. Plaintiffs' counsel and their witnesses have arranged their travel schedules and other commitments around the June 3rd date. Rescheduling at this point would present enormous logistical challenges—among other things, Plaintiffs' lead counsel will

be occupied with a six-week trial beginning in August, and other attorneys for Plaintiffs anticipate multiple trials in other cases this fall. Additionally, Plaintiffs' expert witnesses have limited availability between their academic commitments and travel schedules, and it would be a significant burden to coordinate another time that works for the experts, fact witnesses, and attorneys alike. Moreover, given the timing concerns raised by the Secretary and Intervenors, even a short delay would prejudice Plaintiffs' ability to obtain relief, and pushing the trial date into the fall or beyond would play directly into the (false) narrative that insufficient time remains before the 2020 election to implement Plaintiffs' requested remedy.

Plaintiffs therefore request that the Court reconsider its Order canceling the June 3, 2019 trial. Plaintiffs are willing and able to overcome any challenges in meeting the March 29 deposition deadline if necessary to ensure the trial date remains as scheduled.

## II.   THE COURT SHOULD EXPEDITE CONSIDERATION OF THIS MOTION

Pursuant to Rules 6(b), 26(c), and 45(3)(a), Federal Rules of Civil Procedure, and Local Rule 7.1(L), Plaintiffs respectfully request that the Court expedite consideration of Plaintiffs' motion for reconsideration. If March 29, 2019 remains the deadline for completing depositions, the parties must move quickly to confirm the remaining five depositions for next week. Plaintiffs believe it is unlikely that the Secretary and Intervenors, who oppose this motion, will cooperate

in scheduling depositions on an expedited basis absent an order from this Court. Accordingly, this motion "requires a ruling more promptly than would occur in the ordinary course of business." Local Rule 7.1(L).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted on an expedited basis.

## LOCAL RULE 7.1(C) CERTIFICATION

Pursuant to Local Rule 7.1(C), Plaintiffs' counsel confirm that they complied with the attorney-conference requirement of Local Rule 7.1(B), and that counsel for Defendant and for Defendant-Intervenors have confirmed that their clients oppose the relief requested.

## LOCAL RULE 7.1(F) CERTIFICATION

Counsel for Plaintiffs, Fritz Wermuth, Esquire, certifies that this motion contains 1,722 words, excluding the case style, signature block and certificates.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No.: 0184111
KING, BLACKWELL, ZEHNDER
     & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

Marc E. Elias
Elisabeth C. Frost*
Jacki L. Anderson*
John M. Geise*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com

Abha Khanna*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
akhanna@perkinscoie.com

*Counsel for the Plaintiffs*
*Admitted Pro Hac Vice*