UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| NANCY CAROLA JACOBSON, TERENCE FLEMING, SUSAN BOTTCHER, PRIORITIES USA, DNC SERVICES CORPORATION / DEMOCRATIC NATIONAL COMMITTEE, DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, DCCC a/k/a DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, DEMOCRATIC GOVERNORS ASSOCIATION, and DEMOCRATIC LEGISLATIVE CAMPAIGN COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>LAUREL M LEE, in her official capacity as the Florida Secretary of State,<br><br>    Defendant,<br><br>and<br><br>NATIONAL REPUBLICAN SENATE COMMITTEE, and REPUBLICAN GOVERNORS ASSOCIATION,<br><br>    Defendant-Intervenors. | Case No. 4:18-cv-00262-MW-CAS |

**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFFS'
EMERGENCY MOTION FOR RECONSIDERATION OF COURT'S
ORDER REMOVING TRIAL FROM DOCKET**

**INTRODUCTION**

On March 20, 2019 the Parties jointly requested an extension of time for the filing of Motions for Summary Judgment. (ECF No. 105). The Court promptly granted that Motion. (ECF No. 106). In its Order Granting in Part, the Court was very clear that "it will not be possible for the Court to adequately prepare and rule on any pending motions within a two-week period prior to pretrial . . . ." *Id*. Now Plaintiffs request this Court reverse itself for the perplexing reason that the Court "misunderstood" the Parties' request.[1] (*See* ECF No. 107). Plaintiffs also generally argue that they will be prejudiced by a delay in the trial date. *See* ECF No. 107 at 1, 5-7). The Court is the ultimate arbiter of its own docket and therefore, Plaintiffs' Motion should be denied.

**ARGUMENT**

    **I.    PLAINTIFFS' MOTION FOR RECONSIDERATION IS UNFOUNDED.**

Plaintiffs argue that any delay of the trial date will result in prejudice. First, Plaintiffs' prejudice arguments are misplaced when one considers that they *waited over fifty years* to bring this lawsuit. *See* Ch. 26870, s. 5, Laws of Fla. (1951) (originally codified at 101.151(4), Fla. Stat.). Moving the trial date may result in some minor inconvenience to the Plaintiffs, however not nearly as much as waiting

---

[1] Defendant-Intervenors' join and concur in full with the arguments made by the Secretary of State in her Response. (*See* ECF No. 108).

2

*half a century* to bring their claims in the first place. Given the extreme dilatory nature of Plaintiffs' action, any balancing of the equities related to the timing of the trial *must surely* cut against Plaintiffs. *See, e.g., Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (*per curiam*) ("In considering the balance of the equities among the parties, we think that plaintiffs' unnecessary, years-long delay in asking for preliminary injunctive relief weighed against their request."); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 9 (unanimous decision) ("[A] constitutional claim can become time-barred just as any other claim can."); *Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 292 (1983) (same). Furthermore, any minor inconvenience to the Parties is completely offset by the interest the Parties all share in a potential resolution of the issues on summary judgment—which would eliminate the need for a trial in the first instance.

    Second, the Plaintiffs argue that the Court somehow "misunderstood" the Motion to Extend Deadlines. (*See* ECF No. 107 at 5-7). In their joint Motion the Parties outlined the exact times of the "Current" and "Proposed" deadlines. (*See* ECF No. 105 at 2 (table of proposed deadlines)). It is clear from the face of the Motion that the Parties were requesting "No Change" to the June 3 trial date. The Court, fully aware of this fact, decided on a different schedule for its own purposes. This is simply not an instance of the Court "patently misunderst[anding] a party" *see Sanzone v. Hartford Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1250, 1255-56 (S.D. Fla.

2007), "because it lacked the benefit of an adversarial presentation," (*see* ECF No. 107 at 6). The Parties jointly requested relief and the Court was well within its "power to control and direct the cases on its docket" to modify that requested relief. *See Inman v. Am. Paramount Fin.*, 517 Fed. Appx. 744, 749 (11th Cir. 2013). The Court in exercising its inherent power, decided that there was simply not enough time to accommodate the revised timeline and maintain the June 3 trial date. (*See* ECF No. 106 at 1). As there is no "misunderstanding" there can be no relief. *See Sanzone*, 519 F. Supp. 2d at 1255-56.

## CONCLUSION

For the aforementioned reasons, as well as the reasons stated by the Court in its March 21, 2019 Order Granting in Part, the Court should deny Plaintiffs' Motion.

DATED: 3/26/19                                         Respectfully Submitted,

*/s/Jason Torchinsky*
Jason Torchinsky
VA Bar No. 47481
Shawn Sheehy*
Phillip M. Gordon*
Holtzman Vogel Josefiak Torchinsky PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20106
P: (540) 341-8808
F: (540) 341-8809
E: JTorchinsky@hvjt.law
*Counsel to Defendant-Intervenors*
*Admitted *Pro Hac Vice*

4

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 26, 2019 I served a copy of the foregoing by CM/ECF on all parties.

 */s/Jason Torchinsky*
Jason Torchinsky